IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10353
Summary Calendar
_____

DARRYL WALLACE,

Plaintiff-Appellant,

versus

JAMES STUFFLEBEME, City of Fort Worth Police,
GILBERT MORENO, City of Fort Worth Police;
ROSS GEYER, Fort Worth II District Parole
Department; CHRIS J. SLAWSON, Fort Worth II
District Parole Department; SHIRLEY BRUMFIELD,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1901
---------------------
July 9, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darryl Wallace ("Wallace"), Texas prisoner #636243, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Wallace has also filed a motion for appointment of counsel. Wallace does not appeal his challenge to his parole revocation. This claim has therefore been abandoned, and the dismissal of this claim is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

AFFIRMED.  <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Wallace argues that the district court erred in failing to address his excessive force claim.  It is not clear from the wording of the district court's order of dismissal whether the district court failed to address this claim or whether it intended for this claim to be dismissed under <u>Heck</u>.  We note that a dismissal of this claim under <u>Heck</u> would be improper because this claim does not call into question the legality of Wallace's incarceration.  <u>Heck</u>, 512 U.S. at 486-87; <u>cf</u>. <u>Sappington v. Bartee</u>, 195 F.3d 234, 237 (5th Cir. 1999).

For the foregoing reasons, we VACATE the district court's decision in part, and REMAND for further proceedings in connection with Wallace's excessive force claim.  Given our disposition of this appeal, Wallace's motion for appointment of counsel is DENIED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION FOR APPOINTMENT OF COUNSEL DENIED.